## FIELDER et v O'HARRA

Ohio Appeals, 2nd Dist, Clark Co

Decided Dec 1, 1932

Olinger & Olinger, Springfield, for plaintiff in error.

Stanford L. O'Harra, Springfield, for defendant in error.

BY THE COURT

Error is now prosecuted to this court. There are two questions presented. The first is as to error in overruilng the demurrer and the other is as to error in the judgment. In the ruling on the demurrer the court was bound by the terms and effect of §§11333 and 11334 GC. These sections relate to pleadings upon an account, counter claim or set off or in an action on a written instrument. The purpose of the statute was to secure the benefit of the short form in actions of that kind.

It will be observed that the first paragraph of this petition simply states that the plaintiff is entitled to a certain amount of money which he claims with interest from a certain date. There is no claim upon an account counter claim or set off nor upon a written instrument. The next paragraph states that the claim was assigned to him by one Hiram Boggs for a valuable consideration and a copy of said assignment is hereby attached, marked Exhibit A and made part of the petition. It is difficult, if not impossible to connect this averment with either the preceding averment or the prayer which immediately follows. There is no claim upon either a counter claim or set off founded upon an account or upon a written instrument as evidence of indebtedness. The written instrument in this case is a contract between Hiram Boggs as assignor of an interest under this contract and the plaintiff, O'-Harra, nor do we find that the action is founded upon an instrument for the unconditional payment of money. This written contract is at most an assignment by Boggs, an employee in the office of the Fielder Realty Company to O'Harra and does not in our opinion constitute such an assignment of the principal contract as would enttle the plaintiff to recover under the short form of pleading.

After the overruling of the demurrer a motion was filed to require Hiram Boggs and Esther Newcomb to be made parties defendant. This motion was not pressed for hearing but was withdrawn. The overruling of the demurrer to the petition is assigned as one of the grounds of error for reversal. We have carefully read this petition in connection with the trial of the issues. We do not see how under the state of the record the overruling of the demurrer could be held to be non-prejudicial. We therefore hold that the overruling of the demurrer is an error for which the judgment must be reversed. We have care-

fully considered the evidence introduced in the trial but can find nothing in this feature of the case that would justify reversal. Judgment reversed and cause remanded for a new trial.

ALLREAD, PJ, and KUNKLE, J, concur. HORNBECK, J, concurs in judgment.